NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 11 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICIA ANNE T. SAMSON, Plaintiff-Appellant, v. WELLS FARGO BANK, N.A., a South Dakota corporation, Defendant-Appellee, | No.   21-55199 21-55421 D.C. No. 2:16-cv-04839-GW-AGR MEMORANDUM* |
| PATRICIA ANNE T. SAMSON, Plaintiff-Appellee, v. WELLS FARGO BANK, N.A., a South Dakota corporation, Defendant-Appellant, | No.   21-55436 D.C. No. 2:16-cv-04839-GW-AGR |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted August 2, 2022

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Pasadena, California

Before: CALLAHAN and H. THOMAS, Circuit Judges, and HUMETEWA,[**] District Judge.

This cross-appeal follows a jury trial and the district court's subsequent orders with respect to punitive damages and attorney's fees. We have jurisdiction under 28 U.S.C. § 1291. We reverse the district court's order granting judgment as a matter of law as to punitive damages to Defendant Wells Fargo Bank, N.A. (Wells Fargo). We remand for the district court to consider in first instance whether the jury's punitive damages award was excessive and to recalculate its award of attorney's fees to Plaintiff Patricia Samson.

1.      Because substantial evidence supports the jury's verdict awarding punitive damages to Samson, the district court erred in granting Wells Fargo's motion for judgment as a matter of law. *See Dees v. County of San Diego*, 960 F.3d 1145, 1151 (9th Cir. 2020). California law allows a plaintiff to recover punitive damages from an employer only when she proves by clear and convincing evidence that the defendant acted with oppression, fraud, or malice, and that the acts were performed or ratified by an officer, director, or managing agent. Cal. Civ. Code § 3294(a), (b); *Tilkey v. Allstate Ins. Co.*, 56 Cal. App. 5th 521, 554 (2020).

---

[**]      The Honorable Diane J. Humetewa, United States District Judge for the District of Arizona, sitting by designation.

A "managing agent" is an employee who "exercise[s] substantial independent authority and judgment in their corporate decisionmaking so that their decisions ultimately determine corporate policy." *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 566–67 (1999).

Substantial evidence presented at trial supports the jury's finding that at least one of three individuals involved in the decision to displace Samson—Executive Vice President John Adams, Regional Vice President and Division Director Stender Sweeney, and Regional Vice President Jason Gwin—was a managing agent who acted with the culpability required to subject Wells Fargo to punitive damages. *See Colucci v. T-Mobile USA, Inc.*, 48 Cal. App. 5th 442, 453–54 (2020); *White*, 21 Cal. 4th at 566–67. This evidence includes emails exchanged among Adams, Sweeney, and Gwin; testimony from Sweeney about Adams' involvement in phone calls about the displacement decision; testimony from Sweeney and Gwin about the scope of their duties; and the absence of any documented performance issues related to Samson prior to her medical leave.

We reject Wells Fargo's argument that the jury's finding of no liability on Samson's disability discrimination claim precludes the misconduct finding required to award punitive damages on the retaliation claim. As the jury recognized, Samson's disability discrimination claim and her retaliation claim were subject to different legal analyses. The jury's punitive damages award was

3

thus not inconsistent with its assessment of Samson's disability discrimination claim as evidenced on the special verdict form.

Before the district court and on appeal, Wells Fargo raised an additional argument that the punitive damages award was constitutionally excessive. Because the district court granted judgment as a matter of law on other grounds, it did not address this issue. We remand to the district court to consider in first instance whether the award was excessive.

2.     In light of our decision with respect to punitive damages, we vacate the district court's attorney's fees orders and remand for reconsideration of those orders. The district court's attorney's fees calculations appropriately relied on the court's assessment of the quality of Samson's representation and degree of success she achieved in litigation. *See Harris v. City of Santa Monica*, 56 Cal. 4th 203, 235 (2013); *Serrano v. Priest*, 20 Cal. 3d 25, 49 (1977). Samson's success in reinstating the punitive damages award on appeal and her degree of future success in establishing that the award was not excessive are relevant to this analysis. *See id.* Accordingly, we vacate the fee award and remand for further consideration consistent with this disposition.

**REVERSED AND REMANDED.**